282 N.J. Super. 121 (1995)
659 A.2d 532
&utrif; 532 JOHNNY WALCOTT, PLAINTIFF-APPELLANT,
v.
CITY OF PLAINFIELD, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted March 27, 1995.
Decided June 20, 1995.
*122 Before Judges DREIER, WEFING and BRAITHWAITE.
Breuninger, Hansen and Fellman, attorneys for appellant (Douglas W. Hansen, of counsel and on the brief).
Weiner, Lesniak, attorneys for respondent City of Plainfield (Siobhan A. Teare, of counsel; Ms. Teare and Catherine M. Elston, on the brief).
*123 Deborah T. Poritz, Attorney General, attorney for respondent Department of Personnel, Merit System Board (Joseph L. Yannotti, Assistant Attorney General, of counsel; Joann Fitzpatrick, Deputy Attorney General, on the brief).
The opinion of the court was delivered by BRAITHWAITE, J.S.C. (temporarily assigned).
Plaintiff appeals from the final administrative action of the Merit System Board (Board) determining that he is entitled to back pay, benefits and seniority only from September 18, 1992, until the date he was actually reinstated, April 4, 1994. Plaintiff also appeals the Board's decision denying him counsel fees. We affirm.
Plaintiff was the assistant supervisor of the Plainfield Division of Public Works, where he had been employed for fourteen years. He was arrested on April 14, 1988, at his home after a search, pursuant to a warrant, disclosed cocaine. Defendant was charged with possession of CDS, N.J.S.A. 2C:35-10a; and possession of CDS with intent to distribute, N.J.S.A. 2C:35-5a and N.J.S.A. 2C:35-5b(3). Plaintiff was suspended from his employment indefinitely, and without pay, pending the outcome of the criminal charges.
Plaintiff appealed his indefinite suspension to the Board and requested a hearing. On January 23, 1990, the Board transferred the matter to the Office of Administrative Law (OAL) for a hearing. On June 19, 1990, a hearing was scheduled before then Administrative Law Judge (ALJ) Philip E. Cummis, where the parties agreed to a stipulation of settlement which provided that plaintiff would be reinstated. The ALJ approved the settlement, however, the Board rejected the ALJ's initial decision and remanded the matter for further proceedings because the settlement did not address the issue of back pay.
On remand, the matter was assigned to ALJ Mumtaz BariBrown. A pre-hearing conference was held on March 18, 1991. *124 The issue on remand was whether plaintiff was entitled to back pay, and, if so, for what period. Hearings were set for August 14, September 18 and 24, 1991. However, on August 13, the August 14 hearing was adjourned for good cause. On that date, the judge was informed that the plaintiff had not returned to work pursuant to the terms of the June 1990 stipulation of settlement. Plaintiff asserted that he did not return to work because he did not have child care for his son. Furthermore, at this time, the parties requested that an additional issue be decided: whether the indefinite suspension pending the disposition of the criminal charges was appropriate. The defendant also stated that it would issue a Preliminary Notice of Disciplinary Action removing the plaintiff from his employment. Plaintiff then requested that the issues of his back pay, his indefinite suspension and his removal from employment be decided on the merits in one proceeding.
Subsequent to August 1991, several hearing dates were scheduled by the ALJ, but plaintiff requested adjournments because his criminal charges were still pending. On January 29, 1992, during a pre-hearing conference, counsel for plaintiff confirmed that plaintiff's criminal charges had been resolved. Plaintiff had pled guilty to the reduced disorderly persons offense of possessing CDS and failing to "voluntarily deliver the substance to the nearest law enforcement officer[.]" N.J.S.A. 2C:35-10c. Plaintiff was sentenced to a probationary term of one year, and to pay a fine. A hearing was then scheduled by the ALJ for February 5, 1992. Plaintiff requested an adjournment because of another pending matter in Middlesex County. His request was denied.
On February 5, 1992, plaintiff failed to appear for the hearing and defendant moved to dismiss plaintiff's appeal. On March 24, 1992, the ALJ granted defendant's motion to dismiss. In the interim, plaintiff was notified that he was terminated from his employment by a final notice of disciplinary action dated March 18, 1992. The basis of the termination was conduct unbecoming a public employee, based on the conduct underlying the criminal charges. Plaintiff filed exceptions to the ALJ's decision of March *125 24, 1992 on May 29, 1992. Again, the Board remanded the matter to the OAL for a hearing on plaintiff's indefinite suspension pending the disposition of the criminal charges, and his termination of employment.
The matter was then heard by ALJ Bari-Brown, who rendered an initial decision on September 16, 1993. She determined that the indefinite suspension pending the disposition of the criminal charges was in the public interest and should be upheld. With regard to the charge of conduct unbecoming a public employee, she concluded that the charge should be sustained and the penalty of removal was appropriate.
In its decision of November 11, 1993, the Board found that the action of defendant in indefinitely suspending plaintiff pending the disposition of the criminal charges was justified and it affirmed that action. The Board also agreed with the ALJ's finding that plaintiff's conduct was unbecoming a public employee. However, it found that because of certain mitigating factors, removal was too harsh a penalty. The Board concluded that the appropriate disciplinary action was a six month suspension. The six month period of suspension began on March 18, 1992, and ended on September 18, 1992. The Board ordered that plaintiff be granted back pay, benefits and seniority for the period following the suspension to the date of actual reinstatement. The back pay was to be reduced by any income earned by plaintiff from September 18, 1992, until his actual reinstatement.
On December 23, 1993, plaintiff submitted a letter to the Department of Personnel requesting enforcement of the Board's order because as of that date he had not been reinstated. On December 28, 1993, notice of plaintiff's request for enforcement was sent to defendant's attorney, Daniel Williamson, who filed an appeal of the Board's order with this court.
On March 9, 1994, the Board rendered a second decision ordering defendant to reinstate plaintiff to his position as Assistant Supervisor of Public Works. The Board reiterated the conclusions in its November 11, 1993 decision. It again concluded *126 that plaintiff was only entitled to receive back pay, benefits and seniority for the period following the six month suspension, (September 18, 1992) to the date of actual reinstatement, mitigated by any income earned by plaintiff during that period. The decision of the Board did not award counsel fees to plaintiff.
Plaintiff asserts that he is entitled to back pay, benefits and seniority from October 18, 1988 to April 4, 1994, the date of his reinstatement. His position is that the indefinite suspension pending the outcome of the criminal charges against him became a six month suspension when the Board found such a suspension to be appropriate discipline rather than the termination from employment that was sought by defendant.
This case is governed by N.J.A.C. 4A:2-2.10(c) which provides as follows:
(c) Where an employee, other than a municipal police officer, has been suspended based on a pending criminal complaint or indictment, following disposition of the charges the employee shall receive back pay benefits and seniority if the employee is found not guilty at trial, the complaint or indictment is dismissed, or the prosecution is terminated.
1. Such items shall not be awarded when the complaint or indictment is disposed of through Conditional Discharge, N.J.S.A. 2C:36A-1, or Pre-trial Intervention (PTI), N.J.S.A. 2C:43-12 et seq.
2. Where disciplinary action has been taken following disposition of the complaint or indictment, such items shall not be awarded in case of removal. In case of suspension, where the employee has already been suspended for more than six months pending disposition of the complaint or indictment, the disciplinary suspension shall be applied against the period of indefinite suspension. The employee shall receive back pay for the period of suspension beyond six months, but the appointing authority may for good cause deny back pay for the period beyond the disciplinary suspension up to a maximum of six months.
[N.J.A.C. 4A:2-2.10(c).]
Plaintiff asserts the regulations which were adopted as a result of our decision in DelRossi v. Department of Human Services, 256 N.J. Super. 286, 606 A.2d 1128 (App.Div. 1992), support his position. The Board argues that the regulations support its position. We agree with the Board. We are satisfied that N.J.A.C. 4A:2-2.10(c) applies to those circumstances where a municipal employee, other than a police officer, is exonerated. This provision only applies *127 when an employee "is found not guilty at trial, the complaint or indictment is dismissed, or the prosecution is terminated." Ibid.
By its terms, back pay, benefits and seniority are not "awarded when the complaint or indictment is disposed of through Conditional Discharge, N.J.S.A. 2C:36A-1, or Pre-Trial Intervention (PTI), N.J.S.A. 2C:43-12 et seq." N.J.A.C. 4A:2-2.10(c)1. If plaintiff's position is adopted then a person who disposed of his charge by PTI or Conditional Discharge, without entering a guilty plea,[1] could not receive back pay, benefits and seniority, but a person who enters a guilty plea to an offense for which a Conditional Discharge is available,[2] would be entitled to back pay, benefits and seniority. We are satisfied that plaintiff's construction of the regulations leads to an anomalous result.
"[A] rule of an administrative agency is subject to the same canons of construction as a statute[.]" Matter of N.J.A.C. 14A:20-1.1, 216 N.J. Super. 297, 306, 523 A.2d 686 (App.Div. 1987). A regulation "`[should] not be interpreted in a manner leading to absurd or unreasonable results.'" Reisman v. Great Amer. Recreation, 266 N.J. Super. 87, 96, 628 A.2d 801 (App.Div.) (quoting 534 Hawthorne Ave. Corp. v. Barnes, 204 N.J. Super. 144, 148, 497 A.2d 1265 (App.Div. 1985), certif. denied, 134 N.J. 560, 636 A.2d 519 (1993)). "In fact, when construing a ... [regulation], `every effort should be exerted to avoid ... an anomalous result.'" Ibid. (quoting Union Co. Bd. of Freeholders v. Union Co. Park Comm., 41 N.J. 333, 341, 196 A.2d 781 (1964)).
We are also persuaded that N.J.A.C. 4A:2-2.10(c)2 does not support plaintiff's position that he can only be denied back pay for six months. A sensible reading of the language convinces us that this section of the regulations refers to situations covered by *128 N.J.A.C. 4A:2-2.10(c), i.e., where the employee has been completely exonerated. This section of the regulations applies in those circumstances where an employee has been completely exonerated of the criminal charges, yet there is a basis for disciplinary action despite the employee's exoneration of criminal charges. "In seeking to ascertain the purpose and reason for the ... [regulation], a court must consider `not only the particular ... [regulation] in question, but also the entire ... [regulatory] scheme of which it is a part.'" Reisman v. Great Amer. Recreation, supra, 266 N.J. Super. at 96, 628 A.2d 801.
Finally, on this issue, it should be noted that we are being called upon to evaluate the Board's interpretation of its own rule, promulgated pursuant to N.J.S.A. 11A:1-1 to -12-6 to implement the statute it is charged with administering. We "`place[] great weight on the interpretation of'" the Board's rules enacted to carry out its statutory duties. Medical Soc. v. Dept. of Law & Pub. Safety, 120 N.J. 18, 26, 575 A.2d 1348 (1990).
Plaintiff next argues that he is entitled to counsel fees. We disagree. N.J.A.C. 4A:2-2.12a provides that: "the ... Board shall award partial or full reasonable counsel fees where an employee has prevailed on all or substantially all of the primary issues." Ibid. Plaintiff asserts that a letter from Janet Share Zatz, Director, Appellate Practices and Labor Relations with the Department of Personnel, dated October 25, 1993, supports his position that he is entitled to counsel fees. Again, we disagree. First, we are satisfied that plaintiff is not the prevailing party on all or substantially all of the primary issues. His indefinite suspension was upheld and he was suspended for a further period of six months. Second, Ms. Zatz's letter stating that the Board awarded counsel fees is an obvious error and is not binding on the Board. We note that the letter advised that the Board's formal decision was to follow shortly, clearly indicating that the formal decision was controlling in terms of the outcome of plaintiff's appeal. The Board awarded no counsel fees to plaintiff.
*129 The scope of judicial review of administrative agency decisions is narrowly limited. A determination of an administrative agency will not be disturbed unless there is a showing that the decision was "arbitrary, capricious or unreasonable or it was not supported by substantial credible evidence in the record as a whole." Steinel v. Jersey City, 193 N.J. Super. 629, 635, 475 A.2d 640 (App.Div. 1984), aff'd, 99 N.J. 1, 489 A.2d 1145 (1985); Campbell v. Dept. of Civil Service, 39 N.J. 556, 562, 189 A.2d 712 (1963). No such finding can be made here.
Finally, plaintiff raised other issues on this appeal. However, after a careful review of the record we find these contentions and issues to be clearly without merit. R. 2:11-3(e)(1)(D) and (E).
Affirmed.
NOTES
[1] There is no requirement that a defendant enter a guilty plea to receive a Conditional Discharge or enroll in PTI. See N.J.S.A. 2C:36A-1 and N.J.S.A. 2C:43-12.
[2] Defendant entered a guilty plea to a disorderly persons offense for which a Conditional Discharge is available. See N.J.S.A. 2C:36A-1.