# RECORD IMPOUNDED

### NOT FOR PUBLICATION WITHOUT THE
### APPROVAL OF THE APPELLATE DIVISION

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0139-20

IN THE MATTER OF
L.S.,[1]
MIDDLE TOWNSHIP
BOARD OF EDUCATION.

_____

Argued February 14, 2022 – Decided March 7, 2022

Before Judges Sabatino, Mayer and Natali.

On appeal from the New Jersey Civil Service Commission, Docket No. 2020-2383.

Louis P. McFadden, Jr. argued the cause for appellant (McFadden Law Firm, attorneys; Louis P. McFadden, Jr., on the brief).

Yolanda N. Melville argued the cause for respondent Middle Township Board of Education (Cooper Levenson, PA, attorneys; Yolanda N. Melville and Jennifer B. Barr, on the brief).

Debra A. Allen, Deputy Attorney General, argued the cause for respondent Civil Service Commission (Matthew J. Platkin, Acting Attorney General, attorney; Debra A. Allen, on the statement in lieu of brief).

---

[1] We use initials because the criminal charges against appellant associated with her conduct pertinent to this civil case have been expunged.

Andrew W. Dwyer argued the cause for amicus curiae National Employment Lawyers Association of New Jersey (Dwyer Law Firm, LLC, attorneys; Andrew W. Dwyer, of counsel and on the brief).

PER CURIAM

This appeal concerns a dispute over the proper interpretation and application of a counsel fee-shifting regulation enacted by the New Jersey Civil Service Commission. In its present form, the regulation, N.J.A.C. 4A:2-2.12(a), states as follows:

> (a) The Civil Service Commission <u>shall award partial or full reasonable counsel fees</u> incurred in proceedings before it and incurred in major disciplinary proceedings at the departmental level <u>where an employee has prevailed on all or substantially all of the primary issues</u> before the Commission.
>
> [(Emphasis added).]

Appellant L.S., an employee of the Middle Township Board of Education charged with a violation subjecting her to major discipline, appeals the Commission's denial of her request for reasonable attorney's fees under this regulation. She sought the fees after procuring administrative decisions that overturned the Board's termination of her employment, reduced the sanction to a twenty-day suspension, and awarded her over $63,000 in back pay.

A-0139-20

The Commission rejected appellant's claim for mandatory counsel fees under N.J.A.C. 4A:2-2.12(a), because it concluded she had not "prevailed on all or substantially all of the primary issues before the Commission." Specifically, the Commission ruled that appellant was not eligible for mandatory fees because she had not succeeded in rescinding the Board's finding that she had engaged in conduct sufficient to sanction her under N.J.A.C. 4A:2-2.3(a)(12), "[o]ther sufficient cause," and had only obtained a reduction of the sanction imposed.

Joined by an amicus organization, L.S. argues the Commission's denial of fees was arbitrary and capricious. She and the amicus contend the Commission construes the regulation too narrowly, and that the agency observes an unfair and uncodified custom of denying mandatory fees under N.J.A.C. 4A:2-2.12 unless the employee manages to have a major disciplinary violation completely rescinded. They analogize the regulation to fee-shifting provisions under civil rights statutes and other laws, which have been interpreted more broadly so as to vindicate individual rights and to incentivize counsel to represent aggrieved persons protected by those laws.

For reasons stated in the pages that follow, we affirm the Commission's denial of fees under N.J.A.C. 4A:2-2.12, but remand the matter for the Commission to consider, in the alternative, a fee award to appellant under a

A-0139-20

different regulation, N.J.A.C. 4A:2-1.5(b), which uses a discretionary rather than a mandatory standard of eligibility.

As we explain, the Commission's interpretation is consistent with this court's previous opinion in Walcott v. City of Plainfield, 282 N.J. Super. 121 (App. Div. 1995) disallowing fees under the regulation, albeit on non-identical facts. That said, we suggest the Commission consider the policy arguments of appellant and the amicus within the forthcoming rule-making process, when the regulation is due to expire, be renewed, or modified in November of this year.

I.

The idiosyncratic facts and procedural history of this case may be summarized as follows. Appellant was hired in November 2014 as a keyboard clerk for the Middle Township Board of Education. The Board is a civil service employer.

In February 2015 appellant's husband was arrested by police in front of their home. Appellant interfered with the arrest by grabbing the arm of one of the officers. She contends she did so to warn the officer that her husband had a recent shoulder injury. Appellant was criminally charged with obstruction of justice arising out of the incident.

A-0139-20

When those charges were lodged, the Board suspended appellant indefinitely without pay on February 26, 2015, pending the disposition of her criminal charge. The Board issued a Preliminary Notice of Disciplinary Action ("PNDA"), which noted the suspension was based on "other sufficient cause" for major discipline under N.J.A.C. 4A:2-2.3(a)(12). Appellant did not challenge the PNDA or dispute the merits underlying that suspension.

In April 2015, appellant was indicted and charged with fourth-degree obstruction of justice. Because of that indictment, on November 23, 2015 the Board issued a Final Notice of Disciplinary Action ("FNDA") terminating appellant's employment. Appellant contested the termination before the Commission.

Appellant's criminal trial in June 2016 on the obstruction charge resulted in a hung jury. The prosecutor and the court thereafter admitted appellant into the Pretrial Intervention ("PTI") program. She successfully completed PTI in February 2017. The record of her criminal charges accordingly was expunged in October 2018.

The present civil service case was heard by an administrative law judge ("ALJ") over three days of hearings in April and May 2019. Appellant, who

was represented by counsel, testified at the hearings, as well as several other witnesses.

On September 23, 2019, the ALJ issued an initial decision rescinding appellant's termination and the associated disciplinary charges. The ALJ also recommended she receive back pay, benefits, and retroactive seniority, calculated from February 15, 2017, the date appellant's PTI concluded. The Board filed exceptions disputing aspects of the ALJ's recommendation. L.S. replied but did not herself file exceptions.

On review, the Commission issued a Decision on December 20, 2019, which modified the ALJ's recommendations. The Commission reinstated the Board's finding of "other sufficient cause" as a proper basis to discipline appellant in the circumstances presented. However, the Commission scaled back the penalty from termination to a modest twenty-day suspension, effective retroactively as of November 23, 2015 (when the FNDA was issued, effectuating appellant's termination). The Commission left undisturbed the Board's suspension of appellant for the nine months from February 26, 2015 (when the PDNA was issued) through the FNDA date of November 23, 2015.

A-0139-20

The Commission agreed with the ALJ that appellant was entitled to back pay.[2] Eventually, the back pay amount was calculated at $63,928.50, consisting of $61,086.54 in salary and $2,841.86 in vacation days. The Commission also granted appellant retroactive seniority and benefits.

In what is the key focus of this appeal, the Commission denied counsel fees to appellant. Adhering to its custom in other cases, the Commission found that appellant had not "prevailed" on the "primary issue" in this case, because she had not succeeded in negating the Board's finding of "other sufficient cause" for imposing major discipline. In essence, the Commission's general practice is not to award fees under N.J.A.C. 4A:2-2.12 if, as here, the employee only succeeds in getting the severity of a penalty reduced and fails to upset the finding of cause for major discipline.

Appellant urged the Commission to reconsider its denial of counsel fees, a request which the Commission rejected in its Final Administrative Action dated July 31, 2020. The Commission treated the request as untimely under the forty-five-day deadline in N.J.A.C. 4A:2-1.6 for reconsideration motions. The

---

[2] Although a regulation, N.J.A.C. 4A:2-2.10(c)(1), appears to disallow a civil service employee charged with major discipline from recovering back pay after being admitted into PTI, the Board has not cross-appealed the back pay award.

Commission further reiterated that appellant substantively does not qualify for mandatory fees under N.J.A.C. 4A:2-2.12.

This appeal ensued. Notably, appellant is solely contesting the denial of counsel fees. She is not seeking to overturn the twenty-day suspension or the nine-month unpaid suspension that preceded it. Nor has she appealed the finding of "other sufficient cause" for discipline.

Appellant's claim for fees is supported by amicus National Employment Lawyers Association of New Jersey ("NELA"), an employee rights organization. They advocate that fee shifting should be granted in situations like this, so that private counsel will have a greater incentive to represent public employees in civil service disciplinary proceedings. The Board opposes the appeal concerning the fees, but it has not cross-appealed any of the relief already obtained by appellant. Represented by the Attorney General, the Commission submits we should uphold its denial of fees.[3]

---

[3] As a threshold matter, we reject respondents' contention that L.S.'s claim for fees was time barred under N.J.A.C. 4A:2-1.6 or otherwise was procedurally improper. The Commission's December 20, 2019 Decision, in which it initially denied the fee claim, was not its final agency decision. The final agency decision was not issued by the Commission until six months later, on July 31, 2020. That latter decision, unlike the December 20, 2019 Decision, was expressly labeled the "final" one. Furthermore, the December 20, 2019 Decision contingently stated that it would only become final in the absence of "any

II.

The Commission's authority to promulgate and enforce regulations under Title 4A originates in the Civil Service Act ("the Act"), N.J.S.A. 11A:1-1 to 11A:12-6. The Supreme Court has defined the purpose of the Act as ensuring "efficient public service for state, county, and municipal government." Commc'ns Workers of Am. v. N.J. Dep't of Pers., 154 N.J. 121, 126 (1998) (citing Borough of Park Ridge v. Salimone, 21 N.J. 28, 44 (1956)). This overarching purpose is reflected in the Act's "Declaration of Policy," which recites that it is this State's public policy:

> (a) to select and advance employees on the basis of their relative knowledge, skills, and abilities;
>
> (b) to provide public officials with appropriate appointment, supervisory, and other personnel authority to execute their constitutional and statutory responsibilities properly;

---

dispute as to back pay within 60 days." Such a dispute over the back pay figure did arise. That dispute was ultimately resolved, and the resolution was memorialized in the July 31, 2020 "Final Administrative Action." Because the administrative case was therefore not final until July 31, 2020, the Commission's earlier decision from December 20, 2019 was inherently interlocutory in nature, and therefore it could still be the subject of a motion for reconsideration despite the passage of more than forty-five days. See, e.g., Lawson v. Dewar, 468 N.J. Super. 128, 134 (App. Div. 2021) (by analogy in the context of the Rules of Court, distinguishing motions for reconsideration of final versus interlocutory orders). In any event, L.S.'s appeal to this court is clearly timely under Rule 2:2-3(a)(2).

A-0139-20

(c) to encourage and reward meritorious performance by employees in the public service and to retain and separate employees on the basis of the adequacy of their performance;

(d) to ensure equal employment opportunity at all levels of public service; and

(e) to protect career public employees from political coercion.

[Commc'ns Workers, 154 N.J. at 126 (quoting N.J.S.A. 11A:1-2).]

The Court has repeatedly interpreted the Act's goal as "secur[ing] the appointment and advancement of civil service employees based on their merit and abilities." Ibid. (internal citations omitted). The Act's fundamental goals have constitutional underpinnings. See N.J. Const. art. VII, § 1, para. 2 (requiring civil service appointments and promotions to be made according to "merit and fitness").[4]

Mirroring this statutory statement of purpose, Title 4A of the N.J.A.C. states its "purpose" under N.J.A.C. 4A:1-1.1 as "establish[ing] a personnel system that provides a fair balance between managerial needs and employee

---

[4] That said, we recognize that appellant has not argued that she has a constitutional entitlement to counsel fees. Instead, she contends she is entitled to fees under the Commission's fee-shifting regulations, which she argues the agency has construed arbitrarily and too narrowly.

protections for the effective delivery of public services consistent with Title 11A, New Jersey Statutes[,]" citing N.J.S.A. 11A:1-2. (Emphasis added).

The regulations involved in this case, regarding "major" disciplinary actions and associated procedures and remedies, derive statutory authority largely from three distinct statutes within the Act. Pursuant to N.J.S.A. 11A:2-6, "Powers and duties," the Commission "shall … [a]fter a hearing, render the final administrative decision on appeals concerning permanent career service employees or those in their working test period in the following categories: (1) [r]emoval, (2) [s]uspension or fine …, (3) [d]isciplinary demotion, and (4) [t]ermination at the end of the working test period for unsatisfactory performance[.]" N.J.S.A. 11A:2-6(a)(1), (2), (3), (4). The statute further vests the Commission with the right to "[a]dopt and enforce rules to carry out this title and to effectively implement a comprehensive personnel management system[.]" N.J.S.A. 11A:2-6(d).

Under N.J.S.A. 11A:2-13, titled "[o]pportunity for a hearing before the appointing authority; time for hearing; procedures," the Act authorizes "immediate suspension of an employee without a hearing if the appointing authority determines that the employee is unfit for duty or is a hazard to any person if allowed to remain on the job or that an immediate suspension is

11

necessary to maintain safety, health, order or effective direction of public services." The regulatory language in N.J.A.C. 4A:2-2.5(a)(2) tracks the statute almost verbatim, by authorizing immediate suspensions "where a suspension is based on a formal charge of a crime of the first, second or third degree, or a crime of the fourth degree if committed on the job or directly related to the job." The Act also vests in the Commission the authority to "establish, by rule, procedures for hearings and suspensions with or without pay." N.J.S.A. 11A:2-13.

The Commission's authority to award counsel fees in contested civil service cases is founded upon a single-sentence provision within the Act, N.J.S.A. 11A:2-22. That provision vests the Commission with discretionary rulemaking authority to award back pay, benefits, seniority, and reasonable attorney fees to an employee. It reads as follows:

> The Civil Service Commission may award back pay, benefits, seniority, and reasonable attorney fees to an employee as provided by rule.
>
> [N.J.S.A. 11A:2-22 (emphasis added).]

Because this statute uses the term "may," the Commission's authority to adopt fee-shifting rules is permissive rather than obligatory. See Aponte-Correa v. Allstate Ins. Co., 162 N.J. 318, 325 (2000) ("Under the 'plain meaning' rule

12

of statutory construction, the word 'may' ordinarily is permissive and the word 'shall' generally is mandatory."); accord Linden Democratic Comm. v. City of Linden, 469 N.J. Super. 149, 165 (App. Div. 2021). The statute prescribes no standards for awarding such fees, implicitly giving the Commission wide discretion to adopt specific regulations addressing the subject.

Two regulations promulgated by the Commission allow for counsel fee awards to employees. The first, and most directly at issue here, is N.J.A.C. 4A:2-2.12(a), instructing that the Commission "shall award partial or full reasonable counsel fees incurred in proceedings before it and incurred in major disciplinary proceedings at the departmental level where an employee has prevailed on all or substantially all of the primary issues before the Commission." (Emphasis added).

This regulation thus converts a discretionary right to a counsel fee award ("may" in N.J.S.A. 11A:2-22) into an obligatory one ("shall" in N.J.A.C. 4A:2-2.12(a)), although only in circumstances in which the employee totally or substantially "prevailed" on "the primary issues" before the Commission. The regulation does not define these key terms.

As an alternative path to fee-shifting, the Commission has promulgated a more generalized, catch-all basis for an employee to receive a counsel fee award

under N.J.A.C. 4A:2-1.5(b).[5] Specifically, that other regulation states that "[b]ack pay, benefits and <u>counsel fees may</u> be awarded in <u>disciplinary appeals</u> and where a layoff action has been in bad faith . . . [i]n all other appeals, such relief <u>may</u> be granted where the appointing authority has unreasonably failed or delayed to carry out an order of the [Commission] or where the Commission finds sufficient cause based on the particular case." <u>Ibid.</u> (emphasis added).

This regulation tracks the discretionary scope of its enabling statute more closely by using the permissive term "may." It hinges such fee-shifting largely upon the Commission's case-by-case determinations of bad faith, undue delay, or "sufficient cause." <u>Ibid.</u> "Bad faith" by an employer can warrant fee-shifting under this catch-all regulation, but it is not a necessary element. <u>See</u> <u>In re Hearn</u>, 417 N.J. Super. 289, 304-05 (App. Div. 2010).

As noted, the parties' briefs focus upon the "mandatory" fee-shifting regulation, N.J.A.C. 4A:2-2.12. The history of that regulation is illuminating. Title 4A of the Administrative Code, in which the regulation is contained, was first adopted in 1987 to carry out the reforms that had recently been set forth by the Legislature in the Civil Service Act. <u>See</u> 19 N.J.R. 1013 (June 15, 1987)

---

[5] This regulation was not cited by either party in their briefs, but was discussed at the appellate oral argument.

(rule proposals). Subchapter 2 of those new regulations contains "a comprehensive set of rules concerning appeals of major disciplinary actions." Ibid.

As part of those proposed rules within subchapter 2, N.J.A.C. 4A:2-2.12 stated that the State's civil service agency (then known as the Merit System Board) "may, in its discretion, award partial or full reasonable counsel fees where an employee has prevailed on all or substantially all of the primary issues." 19 N.J.R. 1016 (emphasis added). During the ensuing comment period, the agency received several comments advocating that the discretionary language within proposed N.J.A.C. 4A:2-2.12 be replaced with mandatory language. The agency agreed to do that, as reflected in the following passage from the New Jersey Register:

> COMMENT: A number of commenters requested that the remedies of back pay, seniority, benefits, counsel fees and interest be made mandatory as part of a "make whole" concept.
>
> RESPONSE: The rules governing disciplinary appeals at N.J.A.C. 4A:2-2.10 have been changed to provide the mandatory award of back pay and benefits when a disciplinary penalty has been reversed. . . . Finally, the award of reasonable counsel fees (at N.J.A.C. 4A:2-2.12) has been made mandatory when an employee has prevailed on all or substantially all of the primary issues.

[19 N.J.R. 1828 (October 5, 1987) (rule adoptions) (emphasis added).]

This "make-whole concept" has been continued within the present regulation, but subject to the important condition that the employee prevail on "all or substantially all of the primary issues." N.J.A.C. 4A:2-2.12.

Several years later, N.J.A.C. 4A:2-2.12 was amended in various respects. Subsection (a) was revised to make clear that the regulation encompasses fees "incurred in proceedings before [the Merit System Board] and incurred in major disciplinary proceedings at the departmental level." 33 N.J.R. 2729 (August 20, 2001) (rule proposal); 41 N.J.R. 2720 (July 6, 2009) (rule adoption). This change was prompted by our opinion in Burris v. Police Department, Township of West Orange, 338 N.J. Super. 493, 497-98 (App. Div. 2001), which held that the Board had been arbitrary in excluding from fee-shifting the attorney services incurred by a prevailing employee at the departmental level. 33 N.J.R. 2729.

In addition, in 2001 the agency inserted into subsection (a) the phrase "before the Board" to follow the existing language "where an employee has prevailed on all or substantially all of the primary issues before the Board." Ibid.; 33 N.J.R. 3895 (November 19, 2001) (rule adoption). This insertion made clear that the concept of "prevailing" is evaluated by what outcome the employee ultimately achieves before the agency (then the Merit System Board, now the

16

Commission) in its final decision, and not temporarily at an earlier interim stage of the administrative process.

The 2001 amendment to N.J.A.C. 4A:2-2.12 also revised subsection (c) and added new subsections (d) through (g), which prescribed allowable hourly rates for counsel and added other fee-calculation terms and conditions. See 33 N.J.R. 2729; 33 N.J.R. 3895. Notably, the "Economic Impact" statement accompanying the regulation recognized the fiscal burdens that some public entities might experience as a result of implementing these hourly rates and billing standards. 33 N.J.R. 2729. Even so, the agency deemed that fiscal impact to be "minimal" because "relatively few employees prevail on all or substantially all of the primary issues in a major disciplinary appeal." Ibid. (emphasis added).

By this observation in the rule-making process, the agency underscored two important points for our interpretation of the intent underlying N.J.A.C. 4A:2-2.12: (1) the regulation is designed to balance the offsetting interests of employees (in vindicating their rights) and of public employers (in considering the impact of fee-shifting on the public fisc); and (2) mandatory fees were anticipated to be awarded only to "relatively few" employees.

The agency's regulatory effort to achieve a balance of the interests of employees and employers is also reflected in another regulation, N.J.A.C. 4A:2-2.10, concerning back pay and other monetary relief. That regulation treats cases in which an employee manages to have a disciplinary penalty "reversed" differently from cases in which the discipline is only "modified." In the former situation, N.J.A.C. 4A:2-2.10 makes back pay, benefits, seniority or restitution of a fine mandatory (as signaled by the term "shall"), whereas, by contrast, in the latter situation of a "modified" penalty, those remedies are discretionary (as signaled by the term "may"):

> (a) Where a <u>disciplinary penalty has been reversed</u>, the Commission <u>shall award</u> back pay, benefits, seniority or restitution of a fine. <u>Such items may be awarded when a disciplinary penalty is modified</u>.
>
> [N.J.A.C. 4A:2-10(a) (emphasis added).]

The Commission's general approach to requests for mandatory fee-shifting under N.J.A.C. 4A:2-2.12(a) tracks this distinction between discipline that has been "reversed" in its entirety, and discipline that only has been "modified." As the unpublished administrative cases cited by counsel[6]

---

[6] In accordance with <u>Rule</u> 1:36-3, we refrain from citing those unpublished cases here. In any event, the existence of the Commission's practice in interpreting and applying the regulation in this fashion is not disputed.

A-0139-20

exemplify, the Commission construes N.J.A.C. 4A:2-2.12(a)'s requirement that the employee prevail on all or substantially all of the "primary issues" to mean that the employee must gain more than a reduction of the disciplinary sanction to qualify. The underlying disciplinary charge must be eliminated, or disproven.

This reversed/modified distinction was implicitly recognized in our opinion in Walcott v. City of Plainfield, 282 N.J. Super. at 121. In that case, a municipal employee, Walcott, was charged with conduct unbecoming a public employee and was also charged with criminal offenses arising out of the same behavior. The employer initially suspended Walcott and then, after he pled guilty to a disorderly persons offense, the employer terminated him. The Merit System Board upheld the imposition of major discipline, but it mitigated the sanction from termination down to a six-month suspension. After achieving that substantial reduction of his sanction, Walcott requested counsel fees under N.J.A.C. 4A:2-2.12(a), which the agency denied. We affirmed that denial because Walcott was "not the prevailing party on all or substantially all of the primary issues." Id. at 128. Specifically, Walcott's indefinite suspension was upheld and extended by a further period of six months, in lieu of the more severe sanction of removal from office. Ibid.

A-0139-20

Hence, <u>Walcott</u> is consistent with the agency's interpretation of N.J.A.C. 4A:2-2.12 by limiting mandatory fee shifting to instances in which the major discipline is rescinded altogether, rather than only reduced.[7] The Commission has cited <u>Walcott</u> with frequency in its administrative decisions.

Appellant and NELA argue that the Commission's less-generous approach to mandatory fee-shifting is out of step with case law and practices concerning other fee-shifting statutes and regulations outside of the civil service arena. For instance, in <u>Singer v. State</u>, 95 N.J. 487 (1984), the Supreme Court elaborated upon the "prevailing party" standard applicable to the Civil Rights Attorney's Fees Awards Act, 42 U.S.C. § 1988, which permits an award of attorney's fees to successful parties in certain actions brought under certain civil rights statutes. <u>Id.</u> at 494-95. The Court noted in <u>Singer</u> that the "weight of precedent" suggests the "substantive end results of the litigation . . . determine whether a plaintiff may be considered a 'prevailing party[.]'" <u>Id.</u> at 494. The Court found that parties prevail if they "'succeed on <u>any significant issue</u> in litigation which achieves <u>some of the benefit</u> the parti[es] sought in bringing suit.'" <u>Ibid.</u>

---

[7] The Deputy Attorney General, on behalf of the Commission, suggested at oral argument before this court that where a major disciplinary action is mitigated to a minor disciplinary action—e.g., a suspension of less than five working days—that may trigger a basis for awarding counsel fees to an employee under N.J.A.C. 4A:2-2.12(a). That, however, is not the case before us.

(quoting Nadeau v. Helgemoe, 581 F.2d 275, 278-79 (1st Cir. 1978)) (emphasis added).

A similarly results-oriented standard has been found to apply when awarding counsel fees under different civil rights statutes. See, e.g., Warrington v. Village Supermarket Inc., 328 N.J. Super. 410, 420 (App. Div. 2000) (finding that a civil rights plaintiff requesting counsel fees under the New Jersey Law Against Discrimination ("LAD"), N.J.S.A. 10:5-27.1, and the Americans with Disabilities Act ("ADA"), 42 U.S.C.A. § 12205, can be considered a "prevailing party 'when actual relief on the merits of [the] claim materially alters relationship between parties by modifying the defendant's behavior in a way that directly benefits plaintiff'") (quoting Farrar v. Hobby, 506 U.S. 103, 111-12 (1992)) (emphasis added).

Likewise in Empower Our Neighborhoods v. Guadagno, 453 N.J. Super. 565, 579-85 (App. Div. 2018), we elaborated on the meaning of "prevailing party" in the context of the fee shifting provisions under 42 U.S.C. §§ 1983, 1988 and the New Jersey Civil Rights Act, N.J.S.A. 10:6-2(f). Quoting Singer, 95 N.J. at 495, we reasoned that "a party can be considered 'prevailing' for [these] purposes … even though the disposition of the case does not include a final judgment entered in plaintiff's favor, provided plaintiff has won

21

substantially the relief originally sought[.]"  Guadagno, 453 N.J. Super. at 579-80 (emphasis added).

We appreciate these comparisons with other laws and the policy arguments for adopting a more generous standard in gauging who is a "prevailing party" for purposes of fee-shifting.  But we cannot ignore the distinctive limiting language of N.J.A.C. 4A:2-2.12 confining mandatory fees to employees who only prevail fully or substantially on the "primary" issue before the Commission, which the Commission regards as the underlying grounds for the major discipline itself.  Nor can we ignore the regulatory history we have traced above, and the Commission's obvious effort try to balance employee rights against the economic burdens of fee-shifting upon the public fisc.

In the Civil Service Act, the Legislature delegated to the Commission, with virtually no explicit guidance, the discretionary authority to adopt fee-shifting rules in civil service cases.  It is not our function to write better or wiser rules than those the agency crafted.  Nor are we persuaded that the Commission's long-standing construction of its own regulations violates due process or other constitutional norms.

We recognize that courts may set aside administrative agency decisions when they are demonstrated to be arbitrary and capricious.  In re Herrmann, 192

22

N.J. 19, 27-28 (2007). Plenary appellate review does not apply to an agency's interpretation of regulations that fall within a legislative scheme the agency is charged with implementing and enforcing. Hearn, 417 N.J. at 298. Such agency interpretations are generally presumed to be valid, Matter of Chief Clerk, 282 N.J. Super. 530, 536-37 (App. Div. 1995), and courts are required to defer to such agency interpretations if they are reasonable. In re Election Law Enforcement Comm'n Advisory Op. No. 01-2008, 201 N.J. 254, 260 (2010); see also Matter of M.M., 463 N.J. Super. 128, 138-41 (App. Div. 2020) (stating that where the Commission's interpretation of a regulation is not "plainly unreasonable," we owe that interpretation deference under our "highly circumscribed" review) (internal citations omitted).

We discern no arbitrary or plainly unreasonable action by the Commission in its determination that L.S. did not qualify for mandatory fee shifting under N.J.A.C. 4A:2-2.12 in the circumstances presented. She did not prevail on "all" or "substantially all" of the primary issues, i.e., the propriety of her employer's imposition of major discipline upon her. Although the Commission concluded that L.S.'s termination in November 2015 was an unjustified penalty, it also held that the "[o]ther sufficient grounds" charge associated with that termination—downgraded to a suspension—was substantiated by appellant's record. Further,

the Commission awarded back pay, benefits, and seniority only from the point in time at which appellant's PTI was completed, not from the time her improper termination was issued.

To be sure, through the efforts of counsel who represented her in the administrative proceedings, appellant surely "won" substantial benefits. Most significantly, appellant saved her job, regained much of her seniority, and obtained over $63,000 in back pay. But the Commission reasonably differentiates the reduction of disciplinary sanctions from their elimination. L.S. has not appealed the underlying disciplinary charges, and they will remain intact. Just as we held in Walcott, 282 N.J. Super. at 129, it is not arbitrary or capricious for the Commission to deny mandatory fees under N.J.A.C. 4A:2-2.12(a) where an employee gets a removal from office mitigated to a suspension. Perhaps a more generous policy would be desirable, but that is for the Legislature or the Commission to consider.

In that vein, we note the present regulation is scheduled to expire in November of this year. Before the regulation is renewed or revised or withdrawn, the policy arguments that have been advanced here can be presented and weighed in the rulemaking process, with the input of other stakeholders.

That all said, there remains another possible avenue for L.S. to pursue counsel fees: an application for discretionary fees under N.J.A.C. 4A:2-1.5(b). Given the idiosyncratic history of this matter, the Commission might "find[] sufficient cause based on [this] particular case" to award full or partial fees at its discretion. Ibid. We express no views about the outcome of that alternative, but simply remand for the Commission to give it fair consideration.

Affirmed in part and remanded in part for the Commission to consider discretionary fee-shifting under N.J.A.C. 4A:2-1.5(b). We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0139-20