**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2414-23

IN THE MATTER OF
KEVIN NORTON,
WANAQUE, POLICE
DEPARTMENT.

_____

Submitted December 9, 2025 – Decided December 26, 2025

Before Judges Sumners and Chase.

On appeal from the New Jersey Civil Service Commission, Docket No. 2023-1362.

Fusco & Macaluso, attorneys for appellant Kevin Norton (Amie E. DiCola, on the brief).

Dias Law, LLC, attorney for respondent Wanaque Police Department (Sean D. Dias, on the brief).

Matthew J. Platkin, Attorney General, attorney for respondent Civil Service Commission (Mark A. Gulbranson, Jr., Deputy Attorney General, on the statement in lieu of brief).

PER CURIAM

Kevin Norton, a police officer with the Wanaque Police Department (WPD), appeals the February 28, 2024 Civil Service Commission's final agency

decision denying of his request for counsel fees under N.J.A.C. 4A:2-12(a) arising from a disciplinary proceeding. Based on our review of the record and the deference owed to an agency's interpretation of its governing regulations, we affirm.

I.

Disciplinary proceedings were brought against Norton for denying medical aid to an arrestee and falsifying a police report of the incident. Citing seventeen specific violations of WPD policies, rules, and regulations, the WPD issued a final notice of disciplinary action (FNDA) terminating Norton's employment for: (1) incompetency, inefficiency or failure to perform duties, N.J.A.C. 4A:2-2.3(a)(1); (2) conduct unbecoming a public employee, N.J.A.C. 4A:2-2.3(a)(6); (3) neglect of duty, N.J.A.C. 4A:2-2.3(a)(7); and (4) other sufficient cause, N.J.A.C. 4A:2-2.3(a)(12).

Norton appealed the FNDA to the Commission, resulting in a fact-finding hearing before an Administrative Law Judge (ALJ). The ALJ's initial decision denied the appeal, determining that Norton did not falsify a police report, but sustained the charges based on its finding that he failed to seek treatment for an arrestee and approved an incomplete police report. The ALJ recommended a forty-five-day suspension "given his rather minor prior disciplinary history"

A-2414-23

rather than termination. Regarding the penalty reduction, the ALJ further reasoned the sustained specifications

> were directly related to [Norton] failing to follow departmental policy regarding the treatment of a prisoner . . . and for approving an incomplete police report. Both are serious violations of departmental policy . . . . [Norton's] failure to abide by departmental policy has exposed the borough to liability for not calling for medical attention for the [arrestee] when it was required.

The ALJ made no recommendation concerning Norton's entitlement to counsel fees.

Norton filed exceptions to the ALJ's initial decision.[1] He also sought counsel fees under N.J.A.C. 4A:2-12(a), which states: "The Civil Service Commission shall award partial or full reasonable counsel fees incurred in proceedings before it and incurred in major disciplinary proceedings at the departmental level where an employee has prevailed on all or substantially all of the primary issues before the Commission."

On February 28, 2024, the Commission adopted the ALJ's findings of facts and conclusions but rejected the forty-five-day suspension and imposed a six-month suspension. The Commission noted that "all the charges against [Norton]

---

[1] The WPD also filed exceptions, but it did not appeal the Commission's decision.

are very serious. As such, the ALJ's assertion that the falsification charge was the 'most egregious of the specifications' is not factually supported, as the sustained charges are at least as problematic." Because the termination penalty was rejected, the Commission "reinstated [Norton] with mitigated back pay, benefits, and seniority."

The Commission, however, did not award Norton counsel fees, finding:

> N.J.A.C. 4A:2.2.12(a) provides for the award of counsel fees only where an employee has prevailed on all or substantially all of the primary issues in an appeal of a major disciplinary action. The primary issue in the disciplinary appeal is the merits of the charges. See Johnny Walcott v. City of Plainfield, 282 N.J. Super. 121,128 (App. Div. 1995). . . . In the case at hand, although the penalty was modified by the Commission, charges were sustained, and major discipline was imposed. Consequently, as [Norton] has failed to meet the standard set forth at N.J.A.C. 4A:2-2.12, counsel fees must be denied.

On appeal, Norton argues the Commission erred in not awarding him counsel fees. He asserts Walcott "did not contain a determination that the primary concern in a disciplinary appeal is the merits of the charges" and the Commission's reliance on the decision is "misplaced" as, there, this court's decision to affirm the denial of attorney fees "was because [Walcott's] indefinite suspension in that matter was not only upheld, but [he] was further suspended for an additional period of six months." See Walcott, 282 N.J. Super at 128.

A-2414-23

Norton contends the reduction of his penalty from termination to a six-month suspension, together with the Commission's finding that he did not falsify a report, are the "crux of his appeal" and warrant a counsel fees award under N.J.A.C. 4A:2.12(a). Norton also argues counsel fees should be considered in connection with his reinstatement, back pay, benefits, and seniority awarded after his penalty was reduced. We are not persuaded.

Appellate review of an administrative agency decision is limited. In re Herrmann, 192 N.J. 19, 27 (2007). A "strong presumption of reasonableness attaches" to the Commission's decision. In re Carroll, 339 N.J. Super. 429, 437 (App. Div. 2001) (quoting In re Vey, 272 N.J. Super. 199, 205 (App. Div. 1993)). We defer to "[a]n administrative agency's interpretation of statutes and regulations within its implementing and enforcing responsibility." Wnuck v. N.J. Div. of Motor Vehicles, 337 N.J. Super. 52, 56 (App. Div. 2001) (quoting In re Appeal by Progressive Cas. Ins. Co., 307 N.J. Super. 93, 102 (App. Div. 1997)). We only "revers[e] [a final agency decision] if [it is] 'arbitrary, capricious or unreasonable or . . . is not supported by substantial credible evidence in the record as a whole.'" N.J. Soc'y for Prevention of Cruelty to Animals v. N.J. Dep't of Agric., 196 N.J. 366, 384-85 (2008) (alteration in original) (quoting Henry v. Rahway State Prison, 81 N.J. 571, 579-80 (1980)).

A-2414-23

We must defer even if we might reach a different result. In re Carter, 191 N.J. 474, 483 (2007) (citing Greenwood v. State Police Training Ctr., 127 N.J. 500, 513 (1992)). We do not "engage in an independent assessment of the evidence as if [we] were the court of first instance." In re Taylor, 158 N.J. 644, 656 (1999) (quoting State v. Locurto, 157 N.J. 463, 471 (1999)).

Applying these principles, we reject Norton's arguments that the Commission erred by relying on Walcott to establish that he did not prevail on "all or substantially all of the primary issues" as required by N.J.A.C. 4A:2.12(a). In Walcott, a municipal employee was charged with conduct unbecoming a public employee and related criminal offenses. 282 N.J. Super. at 124. The employee was indefinitely suspended pending disposition of the criminal charges. Id. at 123. After pleading guilty to the criminal charges, the employee was terminated. Id. at 124. The Commission affirmed the decision to indefinitely suspend the employee pending the disposition of the criminal charges but mitigated the disciplinary sanction from termination to a six-month suspension. Id. at 125. The Commission granted back pay, benefits and seniority, but declined to award counsel fees. Id. at 125-26. We affirmed the denial of a counsel fees award, ruling the employees' "indefinite suspension was upheld and he was suspended for a further period of six months." Id. at 128.

6

While Norton is correct that <u>Walcott</u> does not explicitly state that the primary issue in a disciplinary appeal is the merits of the charges, the holding is consistent with the Commission's long-established interpretation that "primary issues" under N.J.A.C. 4A:2.12(a) refers to the underlying grounds for the major discipline and that for an employee to receive a counsel fee award, the disciplinary sanction must be reversed not simply reduced. This is clear from a review of similar Commission decisions, including the two cited in Norton's appeal to the Commission. <u>See e.g.</u>, <u>In re Cozzino</u>, No. CSV 1061-89, final decision (Jan. 12, 1989) (slip op. at 1–2) (declining to award counsel fees despite reducing appellant's disciplinary sanction from a six-month suspension to one and stating that "[t]he primary issues in any disciplinary appeal are the merits of the charges, not whether the penalty imposed was appropriate."); <u>In re Dean, Hum. Servs. Assistant, Marlboro Psychiatric Hosp.</u>, No. CSV 1167-89, final decision (Jan. 12, 1993) (slip op. at 1–2) (stating the same and reducing the disciplinary sanction from removal to a six-month suspension while denying a counsel fee award); <u>In re Dye, Passaic, Dep't of Eng'g</u>, No. CSV 13516-18, final decision (Mar. 24, 2021) (slip op. at 1-2) (dismissing the charge of conduct unbecoming a public employee but upholding the charge of incompetency or

inefficiency and denying a counsel fee award despite reducing disciplinary sanctions from removal to a five-day suspension).

Norton's argument that the penalty reduction from removal to a six-month suspension plus the finding that he did not falsify a police record means he prevailed on "substantially all of the primary issues" fails. N.J.A.C. 4A:2-2.12. As in Walcott, Norton's disciplinary sanction was reduced from removal to a six-month suspension. See 282 N.J. Super. at 125. This does not entitle Norton to counsel fees because the Commission held all the disciplinary "charges were sustained, and major discipline was imposed" against him. Simply put, the WPD sustained "all or substantially all of the primary issues" thereby disqualifying Norton from counsel fees under N.J.A.C. 4A:2.12(a).

The fact that Norton was awarded back pay and benefits does not affect his entitlement to counsel fees. The employee in Walcott received similar relief; yet counsel fees were still denied. 282 N.J. Super. at 125-26.

In sum, Norton fails to demonstrate grounds to depart from the well-established principle of deference to the Commission's final agency decision. There is nothing arbitrary, capricious, or unreasonable about the Commission's denial of counsel fees to Norton.

8

To the extent we have not specifically addressed any of Norton's arguments, they lack sufficient merit to warrant discussion in a written opinion. <u>R.</u> 2:11-3(e)(1)(D) and (E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Harley*

Clerk of the Appellate Division